UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD M. SANSONE,<br><br>    Plaintiff,<br><br>    v.<br><br>SHOENING, et al.,<br><br>    Defendants. | Case No. 16-cv-02539-EMC<br><br>**ORDER FOR AMENDED COMPLAINT**<br><br>Docket Nos. 1, 10, 14 |

Richard M. Sansone, currently an inmate at the California Health Care Facility in Stockton, California, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. After filing his complaint, Mr. Sansone filed a letter stating that he wanted to file an amended complaint. (Docket No. 10.) Later, he filed a letter indicating a desire to add additional defendants. (Docket No. 14.) And later still, he filed several exhibits and requested that counsel be appointed for him. (Docket No. 15.)

Mr. Sansone's request to file an amended complaint is **GRANTED**. (Docket No. 10.) Mr. Sansone must file his amended complaint no later than **October 28, 2016**. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. In light of the fact that he will be filing an amended complaint, the Court will wait for that document rather than conduct an initial review under 28 U.S.C. § 1915A on the original complaint.

In preparing his amended complaint, Mr. Sansone should bear the following in mind. First, for each condition of confinement he contends is constitutionally deficient, he must allege the facts showing his entitlement to relief from one or more defendants. Second, Mr. Sansone must be careful to allege facts showing the basis for liability for each defendant. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant

1  by name and link each of them to his claim by explaining what each defendant did or failed to do
2  that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th
3  Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can
4  show that defendant proximately caused deprivation of federally protected right). There is no
5  respondeat superior liability under section 1983, i.e. no liability under the theory that one is liable
6  simply because he employs a person who has violated a plaintiff's rights. *See Monell v. Dep't of
7  Social Servs.,* 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A
8  supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the
9  constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful
10 conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).
11 Third, the amended complaint will supersede the existing complaint and therefore must include a
12 complete statement of Mr. Sansone's claims; any claim or defendant not mentioned in the
13 amended complaint will be deemed to have been dismissed. *See generally Lacey v. Maricopa
14 County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

15 Mr. Sansone has requested that counsel be appointed to represent him in this action. A
16 district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an
17 indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328,
18 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits
19 and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal
20 issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together
21 before deciding on a request for counsel under § 1915(e)(1). It is simply too early to determine
22 whether exceptional circumstances requiring the appointment of counsel exist in this case. The
23 request for appointment of counsel is **DENIED**. (Docket No. 14.) The denial is without prejudice
24 to Mr. Sansone filing a new request for counsel after the Court screens his amended complaint.

25 **IT IS SO ORDERED**.

26 Dated: September 23, 2016

_____
EDWARD M. CHEN
United States District Judge